UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:19-cv-81512-DMM

NADEL DIAZ VALDEZ,

    Plaintiff,

v.

MEDICREDIT, INC., and JFK MEDICAL
CENTER LIMITED PARTNERSHIP,

    Defendant.

---

Case No.: 9:19-cv-81513-JIC

NADEL DIAZ VALDEZ,

    Plaintiff,

v.

NPAS, INC., and JFK MEDICAL CENTER
LIMITED PARTNERSHIP,

    Defendant.

---

**DEFENDANT'S MOTION TO TRANSFER AND
CONSOLIDATE ACTIONS OR IN THE ALTERNATIVE, TO STAY**

Defendant JFK Medical Center Limited Partnership ("Defendant" or "JFK") requests the Court to transfer this action to Magistrate Judge Brannon so that the actions can be consolidated pursuant to 28 U.S.C. § 1404 and Federal Rule of Civil Procedure 42(a)(2). In the alternative, Defendant requests the Court to stay this action pursuant to the first-filed doctrine.

In this action, Plaintiff has filed a Complaint against JFK and a company that assists JFK in the collection of its medical debt, NPAS, Inc. ("NPAS"). In the action pending before Magistrate Judge Brannon, Plaintiff has filed a Complaint against JFK and a second company that assists JFK in the collection of its medical debt, Medicredit, Inc. ("Medicredit"). Plaintiff asserts identical legal claims arising out of the same set of facts, which will all be concluded based upon the same conclusions of law.

The Court should, therefore, transfer this action to Magistrate Brannon to promote judicial economy, convenience for the parties, and to avoid the prospect of duplicative, and possibly contradictory, rulings. Defendants NPAS and Medicredit (collectively with JFK, the "Defendants") have no objection to this Motion.

**I.      Legal Standard**

Under 28 U.S.C. § 1404(b), "upon motion … any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." The court has broad discretion in ruling on a motion for transfer. *In & Out Welders, Inc. v. Sunbelt Rentals, Inc.*, 2016 WL 9488712 (S.D. Fla. Oct. 19, 2016). "Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money." *Id.* at *1.

Federal Rule of Civil Procedure 42(a) provides that if actions before the court involve a common question of law or fact, the court may consolidate the actions, and the Court has broad discretion to order consolidation. *See Newman v. Eagle Building Technologies*, 209 F.R.D. 499, 501 (S.D. Fla. 2002). Rule 42(a) "provides the court with the discretionary power to manage and control its docket by economizing the time and effort of itself, counsel, and parties." *Monk v. Morris*, 2018 WL 8787331, *2 (M.D. Fla. Feb. 5, 2018).

The threshold issue is whether the proceedings involve a common party and common issues of fact or law. *See Newman*, 209 F.R.D. at 501. In the cases at bar, the proceedings involve common parties, common facts and common legal issues. District courts have been urged to use Rule 42(a) "to expedite the trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1168 (11th Cir.1995).

In exercising its discretion, a court must determine:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single trial, multiple-trial alternatives.

Monk, 2018 WL 8787331, at *2, quoting, e.g., *Biver v. Nicholas Fin., Inc.*, 2014 WL 1763211, at *2 (M.D. Fla. Apr. 30, 2014), and *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

Under the "first-filed doctrine," "there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Raimbeault v. Accurate Mac. & Tool, LLC*, 2014 WL 5795187, *5 (S.D. Fla. Oct. 2, 2014). "The first-filed rule is premised on judicial economy, comity amongst the district courts, and the desire to avoid potentially conflicting rulings." *Id.*

**II.     Argument**

Plaintiff has filed two essentially identical lawsuits against JFK, asserting alleged violations by Defendants of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") based upon medical bills generated to collect medical debt related to treatment of Plaintiff's acute cholecysitis. The cases are identical but for the named co-defendants, NPAS and Medicredit, respectively, each of whom service the applicable medical debt at different phases of collection. The core issue in both Complaints relates

to the status of the debt relative to Plaintiff's workers' compensation claims, arising out of the same hospitalization. The parties are represented by the same counsel in each action.

Plaintiff filed both suits, Case Nos. 9:19-cv-81512-DMM and 9:19-cv-81513-JIC, on November 6, 2019, and sought both monetary damages and injunctive relief on both claims. The two suits substantially overlap and involve multiple common questions of fact and law. Transfer and consolidation is necessary and appropriate to economize this matter for the parties and the Court. *In & Out Welders*, 2016 WL 9488712, at *1 ("Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money."); *Monk*, 2018 WL 8787331, at *2 (Rule 42(a) "provides the court with the discretionary power to manage and control its docket by economizing the time and effort of itself, counsel, and parties.").

This is a textbook example of two actions that should be transferred and consolidated. These two proceedings involve common parties and common issues of fact and law. Requiring JFK to litigate the same issues and claims in two separate suits is inefficient, unduly expensive, and creates the potential for unnecessarily duplicative and/or conflicting rulings. It would be an unnecessary drain on the Court's resources to oversee these suits as separate actions. The parties have just begun to serve discovery in Case No. 9:19-cv-81513-JIC and have not yet served any discovery in Case Nos. 9:19-cv-81512-DMM so the timing is ideal to combine the two actions which are currently in similar procedural postures, and no party will suffer any prejudice.

In the alternative, should the Court decline to transfer Case No. 9:19-cv-81513-JIC to Magistrate Judge Brannon, JFK requests the Court to stay the action pending the resolution of the earlier-filed suit.

### III. Conclusion

Plaintiff has filed two suits based on the same underlying dispute. This Court should exercise its considerable discretion to transfer Case No. 9:19-cv-81513-JIC and consolidate it with Case No. 9:19-cv-81512-DMM to preserve judicial economy and efficiency.

WHEREFORE, in accordance with the authorities set forth above, Defendant JFK Medical Center Limited Partnership requests the Court to transfer Case No. 9:19-cv-81512-DMM to Magistrate Judge Brannon and consolidate it with 9:19-cv-81513-JIC pursuant to Rule 42(a)(2), and for such further relief as the court deems just and proper.

DATED this 22nd day of January, 2020.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. 7.1(a)(3)(A), counsel for Defendants conferred with Thomas Patti, counsel for Plaintiff, by e-mail on January 21, 2020, who represented that Plaintiff opposes the requested relief. Defendants NPAS, Inc. and Medicredit, Inc. agree to the relief sought in this motion.

Respectfully submitted,

*/s/ Naomi M. Berry*
Naomi M. Berry (FBN 69916)
nberry@carltonfields.com
Carlton Fields, P.A.
100 SE Second St., Suite 4200
Miami, Florida  33131
Telephone:  (305) 530-0050

and

Scott A. Richards (FBN 72657)
SRichards@carltonfields.com
Carlton Fields, P.A.
200 South Orange Avenue, Suite 1000
Orlando, FL  32801
Telephone:  (407) 244-8226
*Counsel for Defendants*